## NASH v. INGALLS.

(Circuit Court, S. D. Ohio, W. D. March 29, 1897.)

EQUITY JURISDICTION—SIMPLE CONTRACT DEBT.

An independent suit against a railroad receiver to recover a simple contract debt owing by the receiver is not sustainable in equity.

David Stuart Hounshell, for plaintiff.
Harmon, Colston, Goldsmith & Hoadly, for defendant.

TAFT, Circuit Judge. This case was begun in the superior court of Cincinnati. The petition avers that on October 1, 1868, Joseph Butler leased to the Cincinnati & Indiana Railroad Company, for 99 years, renewable forever, a piece of real estate on the south-west corner of Carr and Sixth streets, in the city of Cincinnati; that by the lease the railroad company agreed to pay Butler an annual rental of $3,504, in monthly installments, together with the taxes and assessments; that the Cincinnati & Indiana Railroad Company took possession of the premises, and subleased the same to the plaintiff, John Nash, at an increased annual rental, for the term of 25 years, with the privilege of renewal; that the plaintiff erected buildings and improvements upon the lot, at a cost of $25,000, and paid his rent as the same fell due; that the railroad company defaulted in rent under its lease to Joseph C. Butler on April 1, 1876; that on August 1st of the same year, in a mortgage foreclosure suit brought against the railroad company, Melville E. Ingalls was appointed receiver of the property of the Cincinnati & Indiana Railroad Company, and entered upon his duties as such receiver; that on January 26, 1878, the executors of Joseph C. Butler, deceased, filed a petition in the receivership suit, reciting the facts, and praying an order against Ingalls, as receiver, directing him to pay the rents due the petitioners under the lease from the railroad company; that Ingalls answered this petition, and in the answer stated that there was due from him to Nash $4,350 for merchandise furnished to him as receiver. The petition avers that this amount was due as admitted; that said Ingalls, as receiver, paid to the plaintiff the sum of $2,200 down to the 4th day of January, 1888, when the receivership suit was ordered off the docket of this court. Plaintiff further avers that in the foreclosure suit the leasehold of the railroad company, with the buildings, structures, and improvements thereon, was sold, and realized $10,000, which was applied to the arrearage in rent due to Butler's executors. The plaintiff further states that the last payment made to him by Ingalls was made in October, 1887, during the pendency of the foreclosure suit, and that Ingalls claimed to hold back the remainder of said $4,350 on account of the claim made by the said executors of the said Joseph C. Butler. Plaintiff further states that the said defendant, Melville E. Ingalls, at all times promised to pay him the residue of said $4,350, until November 27, 1895, when he refused to pay the residue of said sum, or any part thereof, and wholly denied his trust. Wherefore the plaintiff prays judgment against the receiver for the sum of $3,450, with interest thereon from the 5th day of June, 1878, until paid, subject to a credit of $2,200, and for all general relief.

A demurrer is filed to the petition—First, on the ground that the petition does not state grounds sufficient to constitute a cause of action; and, second, that neither this court nor the superior court of Cincinnati, from which this action was removed, had any jurisdiction of the subject-matter thereof. The petition is docketed on the equity side of the court, and the demurrer on the ground that the petition does not state a cause of action may properly be treated as a demurrer for want of equity. The cause of action, as stated

upon the petition, is merely a suit for merchandise furnished to Ingalls as receiver. The facts stated in the petition do not give the case any equitable features. They do not create the defendant, Ingalls, a trustee holding a fund for the use of the plaintiff. It was a simple contract debt owing by the receiver to the plaintiff, which the receiver failed to pay; and if the debt is not barred by the statute of limitations, and if the receiver has not been discharged from his office, the plaintiff would be entitled to recover a judgment at law against the receiver, as such. The demurrer, therefore, must be sustained, on the ground that there is no equity stated in the petition. It may be remarked that it was the duty of counsel, after removal, to reframe the pleadings according to the rules in equity, if he intended, as it may be inferred he did, both from his brief, and from the fact that this petition appears on the equity docket, and from his praying for general relief, that he wished this action treated as one in equity. As the demurrer for want of equity is sustained, the plaintiff may take leave either to amend his bill so as to make it state a cause in equity, or may have leave to refile the cause on the law side of the court, striking out from his petition the prayer for general relief.